IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA COUSER, on behalf of herself and all others similarly situated, 7253 North 18th Street Philadelphia, PA 19126-1502<br>　　　　　　　　　　　Plaintiff<br><br>　　　vs.<br><br>ACCOUNTS RECEIVABLE MANAGEMENT, INC. 155 Mid-Atlantic Parkway Thorofare, NJ 08086<br>　　　　　　　　　　　Defendant | CIVIL ACTION<br><br><br>NO. |

## COMPLAINT

**I.　INTRODUCTION**

　　1.　This is a consumer class action for damages brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). The FDCPA prohibits debt collectors from engaging in deceptive and unfair practices in the collection of consumer debt.

　　2.　Defendant debt collector has sent out collection notices to Plaintiff and the putative class that improperly references some **"Tax Filing Notice"** and misrepresent that IRS tax forms may be issued to consumers in circumstances not even covered by IRS regulations.

　　3.　Defendant has violated the FDCPA by using false and deceptive representations in the collection of consumer debt.

**II.　JURISDICTION**

　　4.　Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 and 1337.

5. *In personam* jurisdiction exists and venue is proper, as Defendant does business in this district and has caused harm in this district.

### III. PARTIES

6. Plaintiff Patricia Couser ("Couser" or "Plaintiff") is a consumer who resides in Philadelphia, Pennsylvania at the address captioned above.

7. Defendant Accounts Receivable Management, Inc. ("ARM") is believed to be a New Jersey corporation with a principal place of business in New Jersey at the above-captioned address.

8. ARM regularly uses the mail and telephone to attempt to collect consumer debts alleged to be due another.

9. ARM regularly engages in business in the Eastern District of Pennsylvania.

10. ARM is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

### IV. STATEMENT OF CLAIM

11. On July 11, 2011, Defendant ARM sent Plaintiff a communication in connection with a consumer debt allegedly due. (*See* correspondence from ARM attached hereto as Exhibit "A", redacted per Fed. R. Civ. Pro. 5.2).

12. In the July 11, 2011 letter, Defendant states:

> "**Tax Filing Notice**: If the creditor agree [sic] to settle a debt, the IRS requires that the creditor must file Form 1099-C for the remainder of the debt if that amount equals or exceeds $600. For example, if a consumer owes $2000 to XYZ Creditor and XYZ agrees to settle the account for $1200, XYZ would have to file Form 1099-C in the amount of $800."

*See* Exhibit "A".

13. The statement that "the [IRS] requires that the creditor must file Form 1099-C for the remainder of the debt if that amount equals or exceeds $600" is false, and misleading.

14. Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an "identifiable event" described in paragraph (b)(2) of that section.

15. There are also seven exceptions to the reporting requirement set forth in Section 6050P. Importantly, interest amounts need not be reported.

16. Here, there is no basis to conclude that an identifying event has or will occur requiring Bank of America, N.A. to file a Form 1099C or that an exception would not apply.

17. The heading **"Tax Filing Notice"** is deceptive and intimidating in that it imparts to the least sophisticated consumer that this letter is not some mere collection dun, but rather an important tax document, when that is not the case.

18. The gratuitous reference in a collection letter that a creditor is required to provide information on the consumer to the IRS via a **"Tax Filing Notice"** is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

V.   **CLASS ALLEGATIONS**

19. Plaintiff brings this action on his own behalf and on behalf of a class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

20. Plaintiff proposes to define the class (the "Class") as follows:

   a. All persons with addresses in the Eastern District of Pennsylvania;

   b. who were sent one or more collection letter(s) from Defendant Accounts Receivable Management, Inc.;

  c. attempting to collect a debt;

  d. listing a **"Tax Filing Notice"** and stating that "if the creditor agree [sic] to settle a debt, the IRS requires that the creditor must file Form 1099-C for the remainder of the debt if that amount equals or exceeds $600. For example, if a consumer owes $2000 to XYZ Creditor and XYZ agrees to settle the account for $1200, XYZ would have to file Form 1099-C in the amount of $800" or substantially similar language;

  e. where the underlying debt was incurred primarily for personal, family or household use; and

  f. where the letter(s) bears a send date commencing one year before the filing of the Complaint, through the date of filing hereof.

21. The Class is believed to be so numerous that joinder of all members is impractical. This Complaint concerns mass-produced form collection letters.

22. There are questions of law or fact common to the Class. These include:

  a. Whether Defendant's letter violates the Fair Debt Collection Practices Act by making false, deceptive or misleading representations in connection with the collection of a debt in violation of § 1692e;

  b. Whether Defendant engaged in false representations and deceptive means to collect a consumer debt alleged due, in violation of 15 U.S.C. § 1692e(10);

  c. Whether the form collection notice uniformly misstates the requirements of the IRS regulations.

23. Couser's claims are typical of the claims of the Class. All are based on the same factual and legal theories.

4

24. Couser will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to those of the class and Plaintiff's counsel is competent and experienced in consumer credit cases and class actions.

25. The questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class members are consumer debtors, who may be unable to locate or afford to hire lawyers. Most are probably unaware that their rights, and the FDCPA, have been violated.

26. The Class may be certified under Fed. R. Civ. P. 23(b)(3), as such represents a superior method for the fair and efficient adjudication of this controversy in that:

   a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute by private attorneys general. 15 U.S.C. § 1692k.

   b. The essence of Defendant's collection efforts is the deception of consumers.

   c. The interest of Class members in individually controlling the prosecution of separate claims against debt collectors is small because the maximum statutory damages available in an individual action under the Act is $1,000.00.

   d. This class action covering consumers within the geographic area encompassed by the Eastern District of Pennsylvania is likely to be easily manageable.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats the allegations set forth above as if the same were set forth at length herein.

28. Defendant violated the FDCPA by sending a collection notice(s) to Plaintiff and the members of the class which:

    a. Makes false, deceptive, or misleading representations or statements in connection with the collection of consumer debt, 15 U.S.C. § 1692e; and

    b. Engages in false representation and deceptive means to collect a consumer debt, 15 U.S.C. § 1692e(10).

**WHEREFORE,** Plaintiff Patricia Couser prays that this Court certify the Class against Defendant Accounts Receivable Management, Inc., and enters judgment for Plaintiff and the Class members:

    a. Awarding damages to Plaintiff and to the Class as provided for in 15 U.S.C. § 1692k(a);

    b. Awarding Plaintiff and the Class their costs and reasonable attorney's fees; and

    c. Granting such other relief as may be deemed just and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

DATE: 2/7/12

Respectfully submitted:

_____
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff and the Class

**LUNDY, FLITTER, BELDECOS & BERGER, P.C.**
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0782

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

DATE: 2/7/12

Respectfully submitted:

_____
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff and the Class

**LUNDY, FLITTER, BELDECOS & BERGER, P.C.**
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0782

# EXHIBIT "A"

P.O. BOX 129
THOROFARE, NJ 08086-0129



P.O. BOX 129
THOROFARE, NJ 08086-0129

July 11, 2011

ılıılı|lı|ılıılıllıılıılılılıılılıllıllıllıllıllıılıılıılıl

PATRICIA R COUSER
7253 N 18TH ST
PHILADELPHIA, PA 19126-1502



| | |
|---|---|
| ARM Account # | |
| Creditor | BANK OF AMERICA, N.A. |
| Creditor Account # | |
| Total Due | $627.95 |

Dear Patricia R Couser,

Your creditor has authorized us to extend a special offer to settle this account with you at a significantly reduced amount. In order to take advantage of this money saving opportunity, please contact us at the number listed below.

TOLL FREE 866-932-6805

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debit is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**Tax Filing Notice:**
If the creditor agree to settle a debt, the IRS requires that the creditor must file Form 1099-C for the remainder of the debt if that amount equals or exceeds $600. For example, if a consumer owes $2000 to XYZ Creditor and XYZ agrees to settle the account for $1200, XYZ would have to file Form 1099-C in the amount of $800.